# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ZACKERY CRABTREE,

    Plaintiff,

v.

MICHAEL VIETA KABELL,

    Defendant.

Case No.: 3:19-cv-00750-MMD-WGC

**Report & Recommendation of
United States Magistrate Judge**

    This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

    Plaintiff, who is incarcerated by the Nevada Department of Corrections (NDOC) and housed at Ely State Prison (ESP), is proceeding pro se, and has filed a document titled a Notice of Intent 42 U.S.C. §1983 Civil Rights Complaint (ECF No. 1-1).  He subsequently filed a financial certificate. (ECF No. 3.) It was not accompanied by an application to proceed in forma pauperis (IFP).

    A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

    The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The

application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An inmate submitting an application to proceed IFP must also "submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been at the institution for less than six months, "the certificate must show the account's activity for this shortened period." LSR 1-2.

If a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an initial partial filing fee that is calculated as 20 percent of the greater of the average monthly deposits or the average monthly balance for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid, the prisoner is required to make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will forward payments from the prisoner's account to the court clerk each time the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

Plaintiff did not file the required IFP application.

Once an IFP application and financial certificate are filed, the court screens the complaint.

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Moreover, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent

standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

There are several deficiencies with Plaintiff's case. First, he has not filed an application to proceed IFP for a prisoner.

Second, he has filed a notice of intent to file a civil rights complaint which contains certain allegations but it is not clear this is the complaint upon which Plaintiff wishes to proceed. A civil action is initiated by filing a civil complaint, not a notice of intent to file a civil rights complaint.

Finally, the court has undertaken a preliminary review of the allegations in the notice of intent to file a civil rights complaint and has determined Plaintiff does not state a claim upon which relief may be granted. Plaintiff indicates that he is suing Deputy District Attorney Michael Vieta Kabell and avers that Mr. Kabell entered into a conspiracy with the judge and public defender and sheriff to trick Plaintiff to enter into a deal, later described as a substantial assistance agreement.

Plaintiff claims this was illegal. In his request for relief, Plaintiff states that he seeks punitive monetary damages, that his lifetime supervision to be removed, and that his criminal conviction be vacated. (ECF No. 1-1.)

Normally, the court would allow Plaintiff to file an IFP application, and proceed with screening of the complaint; however, in this case, the court views this would be futile for several reasons. Plaintiff seeks to have his conviction overturned, and he cannot seek such relief in a civil rights action as it is barred by *Heck v. Humphrey,* 512 U.S. 477, 487 (1994) (if a judgment in favor of the plaintiff would necessarily imply the invalidity of the conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated). Plaintiff is already proceeding with a habeas petition: 3:19-cv-00479-LRH-CLB.

Moreover, Plaintiff cannot sue the deputy district attorney. This is because prosecutors are absolutely immune from liability under section 1983 liability when they are carrying out their function as an advocate. *Imbler v. Pachtman*, 424 U.S. 409 (1976); *Buckley v. Fitzsimmons,* 509 U.S. 273, 277-78 (1993).

Therefore, it is recommended that this action be dismissed. Under *Heck v. Humphrey*, the dismissal should be without prejudice in the event he succeeds in having his underlying conviction overturned or otherwise declared invalid and can sue a proper defendant. *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015) (citing *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995)).

///

///

///

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **DISMISSING THIS ACTION WITHOUT PREJUDICE**, and administratively closing this case.

The Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: March 17, 2020.

_____
William G. Cobb
United States Magistrate Judge