UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ZACKERY CRABTREE,

           Plaintiff,

   v.

MICHAEL VIETA KABELL,

           Defendants.

Case No. 3:19-cv-00750-MMD-WGC

ORDER

## I.   SUMMARY

*Pro se* Plaintiff Zackery Crabtree, currently incarcerated and in the custody of the Nevada Department of Corrections ("NDOC") announced his intent to file suit under 42 U.S.C. § 1983, alleging a conspiracy to violate NRS § 453.3405 between the district attorney, judge, public defender, and county sheriff involved in his criminal case, and seeks to vacate his criminal sentence, in a document phrased as a notice of intent to file a civil rights complaint. (ECF No. 1-1.) Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge William G. Cobb (ECF No. 6), recommending the Court dismiss this case without prejudice. Plaintiff filed an objection to Judge Cobb's Recommendation. (ECF No. 7.) As further explained below, the Court will overrule Plaintiff's objection because the Court agrees with Judge Cobb's analysis, will fully adopt the R&R, and dismiss this case without prejudice.

## II.   BACKGROUND

As relevant to Plaintiff's objection, Judge Cobb recommends dismissing this case for several, alternative reasons. (ECF No. 6.) Specifically, Plaintiff did not file an *in forma pauperis* ("IFP") application on the Court's designated form, as required by the local rules. (*Id.* at 1-2, 4.) Next, Plaintiff did not file a Complaint, but instead filed a document phrased

as a notice of intent to file a Complaint. (*Id.* at 4.) But assuming the document he filed should be construed as a Complaint, Judge Cobb nonetheless recommends dismissing it because his case is barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)—because Plaintiff specifically seeks "[h]is criminal conviction be vacated" (ECF No. 1-1 at 4)—and because named Defendant Kabell, the district attorney in Plaintiff's criminal case, is likely entitled to prosecutorial immunity. (ECF No. 6 at 5.) Plaintiff objects to each reason Judge Cobb provides in the R&R. (ECF No. 7.)

**III. LEGAL STANDARD**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* Because of Plaintiff's objection to the R&R, the Court has undertaken a de novo review of it, including the other documents filed in this case.

**IV. DISCUSSION**

Following a de novo review of the R&R and the other records in this case, the Court finds good cause to accept and adopt Judge Cobb's R&R in full. The Court addresses below Plaintiff's objection.

The dispositive issue with Plaintiff's objection is—setting aside all the other issues with Plaintiff's case Judge Cobb identified—that the Court agrees with Judge Cobb that his case is *Heck*-barred. Plaintiff writes in his objection, "Nowhere in the complaint does Mr. Crabtree argue the validity of his sentence as his sentence is valid it is the violation of Nevada Law by the District Attorney which is at issue." (ECF No. 7 at 1.) But Plaintiff specifically seeks "[h]is criminal conviction be vacated" in his notice of intent to file a civil rights complaint. (ECF No. 1-1 at 4.) Thus, Plaintiff's objection is unpersuasive on this dispositive point. And as Judge Cobb points out in his R&R, Plaintiff already has a pending habeas corpus petition. (ECF No. 6 at 5.) Plaintiff's case is not cognizable.

**V. CONCLUSION**

The Court notes that Plaintiff made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 6) is accepted and adopted in full.

It is further ordered that Plaintiff's objection (ECF No. 7) is overruled.

It is further ordered that that this case is dismissed in its entirety, without prejudice but without leave to amend.

The Clerk of Court is directed to close this case.

DATED THIS 2nd day of April 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE